■ NANCY B. SCHIFFMAN et al., Respondents, v. JOSEPH K. MEIR, Appellant.— Order, Supreme Court, Bronx County, entered January 7, 1972, granting plaintiffs' application to amend their bill of particulars affirmed, without costs and without disbursements. Although there has been a considerable interval between the time plaintiff discovered the condition on which the application to amend is based and the motion to amend, we believe that the rules have either been complied with or the failure satisfactorily explained. The defendant has not been prejudiced by the delay. However, due to this delay we do not award costs of this appeal to plaintiffs, though they are the successful parties. Concur — Stevens, P. J., McGivern, Steuer and Capozzoli, JJ.; McNally, J., dissents in the following memorandum: I vote to reverse and deny the application to amend the bill of particulars on the ground of plaintiffs' gross laches and the insufficiency of the moving papers. The cases in this department have consistently held that on all motions to amend *ad damnum* clauses in complaints and bills of particulars the papers must contain an affidavit by the plaintiff showing the merits of the action, reasons for the delay and recently discovered facts necessitating the amendment. (*Ferrari* v. *Paramount Plumbing & Heating Co.*, 20 A D 2d 878; *Koi* v. *P. S. & M. Catering Corp.*, 15 A D 2d 775.) The plaintiff must also provide a physician's affidavit demonstrating with some degree of specificity the nature of plaintiff's injuries, their prospective consequences, the resulting disabilities and the original injuries. (*Galarza* v. *Alcoa S. S. Co.*, 34 A D 2d 907; *Tooley* v. *Howard Johnson's, Inc.*, 29 A D 2d 930; *de los Reyes* v. *United States Lines Co.*, 28 A D 2d 991; *Kind* v. *Serebreny Corp.*, 28 A D 2d 988; *Jimenez* v. *Seickel & Sons*, 22 A D 2d 643.) Further, the motion should not be granted where the plaintiff, as here, is guilty of inordinate laches or where the amendment would unfairly prejudice the defendant. (*Koi* v. *P. S. & M. Catering Corp., supra*.) Relief such as requested is prejudicial

where it permits plaintiff to argue for an award not warranted by the papers. (See *Osborne* v. *Miller*, 38 A D 2d 298, 300.) In the instant case, the accident occurred on August 17, 1964. The certificate of readiness was filed May 9, 1968. The motion to amend was made November 15, 1971. There is no affidavit of merits by the plaintiff nor does the medical affidavit of her husband show the causal relationship between the original disabilities and the present claimed disabilities. Furthermore, Dr. Schiffman, plaintiff Nancy Schiffman's husband, is a plaintiff in the action himself. A myelogram taken in January, 1969 showed no abnormalities. An electrodiagnostic study taken in June, 1969 with a unipolar needle showed normal nerve conduction velocities and was essentially normal. It is admitted that the plaintiff for a long period of time has been on maintenance cortisone therapy because of pulmonary diseases not related to the accident. There is not a word in the medical papers which offers an explanation for any neurological symptoms. In fact, the affidavit of one of her attorneys states that the neurological signs did not appear until December, 1968, four years and three months after the happening of the accident, and no explanation is offered to show any connection between the claimed disability and the original accident, nor is there any excuse offered for the gross laches. The affidavit of plaintiffs' attorney states the motion was not made previously as it was wished to avoid a multiplicity of motions. This is in the nature of law office failure and not a proper excuse. (See *Sortino* v. *Fisher*, 20 A D 2d 25, 29.) Further, it is clear from a reading of the papers that plaintiff's cessation of household duties was to permit plaintiff to pursue studies for a doctorate. The papers on which this application is based, in my opinion, are insufficient and the plaintiffs are guilty of gross laches. Accordingly, the application should be denied.